1
2
3
4
5                     **UNITED STATES DISTRICT COURT**
6                     **SOUTHERN DISTRICT OF CALIFORNIA**
7

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 10CR3044 WQH |
| Plaintiff, | |
| vs. | ORDER |
| (2) Ruben Dario CASTRO PEREZ, <br> (5) Carlos COSME, <br> (6) Mario ESCAMILLA, <br> (10) Jesus Quinones MARQUEZ, <br> (12) Edgar Jesus Lopez DE-ANDA DAHER, <br> (14) Alicia MARTINEZ, <br> (15) Juan Carlos MAGANA HEREDIA <br> (16) Oscar Daniel MONTOYA MORA, <br> (18) Omar Martinez DAMIAN, <br> (19) Jonathan VALLE, <br> (20) Armando CASTILLO, <br> (21) Mikael Daniel BLASER, <br> (22) Enrique SALINAS, Jr., <br> (23) Raul MORENO, <br> (24) Miguel SORIA, <br> (25) Perla Yadira FLORES, <br> (26) Luz Maria Benavidez MARTINEZ, <br> (27) Bridgette REYNOSO, <br> (28) Jorge Humberto LORA, <br> (29) Christopher Adrian RUIZ, <br> (30) Richard Gilbert FAVELA, <br> (31) Humberto MENDOZA-TORRES, <br> (32) Juan Carlos RIQUE AGUIRRE, <br> (33) Tellie KRESCHMER, <br> (34) Hector MONTES, <br> (35) Jose CONTRERAS, <br> (36) Hussain ALZUBAIDY, <br> (37) Omar MORA, <br> (38) Ulises VALENZUELA, <br> (39) Benjamin AVENDANO, <br> (40) Jennifer ESCAMILLA, <br> (41) Araceli VARELA, <br> (42) Rocio LOPEZ, <br> (43) Kevin LUIS, <br>                                        Defendants. | |

HAYES, Judge:

The matters before the Court are motions addressed at the January 27, 2011 hearing.

## BACKGROUND FACTS

On July 29, 2010, the federal grand jury returned a one-count indictment charging forty-three defendants with conspiring to conduct enterprise affairs through a pattern of racketeering activity, in violation of 18 U.S.C. 1962(d). The indictment alleges that the defendants and "others known and unknown to the grand jury, were members and associates of an organization known as the 'Fernando Sanchez Organization' ('FSO'), whose members engaged in, among other things, murder, conspiracy to commit murder, attempted murder, kidnaping, conspiracy to kidnap, attempted kidnaping robbery, conspiracy to commit robbery, attempted robbery, importation of controlled substances into the United States from Mexico, conspiracy to import controlled substances into the United States from Mexico, distribution of controlled substances, conspiracy to distribute controlled substances, money laundering and conspiracy to launder money." ECF No. 82 at 3-4.

On September 14, 2010, the Government produced approximately 99,117 pages of written discovery and 193 DVDs to the Defendants on a single searchable, external hard drive. The documents and DVDs included 1) conversations intercepted pursuant to court-authorized wiretaps, 2) pleadings submitted to obtain court orders authorizing electronic surveillance, 3) the line sheets of the wiretaps hyperlinked to the corresponding intercepted conversations, 4) a copy of each defendant's post-arrest statement, 5) copies of all items seized during the execution of search warrants, 6) court orders authorizing the tracking of various cellular phones, 7) photographs taken at the various search locations, 8) law enforcement investigative reports, and 9) video and audio tapes of consensual recorded conversations. ECF No. 533 at 2. On January 14, 2010, (sic) the Government produced pleadings submitted to obtain California Superior Court ordered authorizing electronic surveillance and additional law enforcement investigative report. *Id.*

All Defendants filed or joined in discovery motions requesting general discovery.

On September 10, 2010 and November 17, 2010, the Court held status hearings for

thirty-one defendants. On each of these dates, all Defendants appeared before the court in three groups in three consecutive hearings with counsel for each defendant present at the hearing. Each counsel had the opportunity to make any statement to the court. The hearings addressed issues of the case complexity of the case, the timing of discovery disclosures, and the scheduling of future hearing dates. ECF No. 292 and 421.

On November 19, 2010, the Court entered an order "that the Defendants shall raise any discovery issues by written motion filed no later than January 6, 2011. Each discovery motion shall specifically identify the discovery requested with specificity, and include the legal support for the discovery requested." ECF No. 425.

On January 27, 2011, the Court held a hearing on discovery with all defendants and all attorneys present. The Court reviewed with defense counsel and government counsel all items of discovery including items that the Government has provided or will provide in the near future and any items which the Government asserts are not discoverable. All Defendants were heard on all outstanding discovery and scheduling matters. ECF No. 552.

On February 4, 2011, the Court entered an order setting any wiretap motions for hearing on July 6, 2011; any substantive motions for hearing on September 21, 2011; any motions in limine for hearing on December 14, 2011; and the trial for all defendants on February 7, 2012. ECF No. 565.

**RULING OF THE COURT**

**1. Proffer information**

Defendant Edgar Lopez De Anda joined by other defendants move the Court for an order to the Government to disclose

> (1) Initial discussions between the Assistant U.S. Attorney and cooperator's counsel regarding the information the cooperator's attorney believes the cooperator will give to the extent that information turned out to be inconsistent with information later given or testified to; (2) Initial and ongoing discussions between the Assistant U.S. Attorney and cooperator's counsel regarding the extent of benefits to be offered to the cooperator; (3) Actual proffer by cooperator as well as any statements by his/her counsel to the nature of the information the cooperator will provide to the extent inconsistent with other statements or testimony; and (4) Any subsequent discussions between the Assistant U.S. Attorney and cooperator's counsel regarding additional information the Government believes the cooperator should be able to provide (assuming an assessment has been reached that the initial proffer was either

1    incomplete or misleading).

2 ECF No. 458 at 2.  Defendants contend that any variance in the statement of a cooperating
3 witness is subject to disclosure under *Brady v. Maryland*, 373 U.S. 83 (1963).  Defendants
4 contend that any changes in the cooperator's proffer which reflect an inconsistency in the
5 cooperator's statement are the type of information the jury needs to hear to evaluate the
6 credibility of the cooperator. Defendants assert that "the government must disgorge any
7 known, favorable information or evidence, regardless of its determination of admissibility or
8 likelihood to impact a fact finder."  ECF No. 558 at 2.

9    The Government "recognizes its duty to provide the defendants with all impeachment
10 material concerning prospective witnesses" including the witnesses prior criminal record; the
11 terms of any agreements, promises, or other inducements made by the Government to the
12 witnesses; any payments by the Government to witnesses; any material inconsistencies or
13 untruthful statements made by the witness to the Government; and the fact that a witness has
14 breached a plea agreement or failed a polygraph examination.  ECF No. 533 at 17.  The
15 Government agrees that material inconsistent statements made in the course of a proffer will
16 be disclosed to the defense as a proper subject for impeachment.  The Government further
17 concedes that an attorney proffer may form the basis for an inconsistent statement.  The
18 Government states that there have been no attorney proffers and no statements by cooperating
19 witnesses at this stage in the proceedings.

20    In *Brady v. Maryland*, 373 U.S. 83 (1963), the United States Supreme Court held that
21 "the suppression by the prosecution of evidence favorable to an accused upon request violated
22 due process where the evidence is material either to guilt or to punishment..." 373 U.S. at 87.
23 Evidence impeaching the testimony of a government witness falls within the *Brady* rule when
24 the reliability of the witness may be determinative of guilt or innocence. *See Giglio v. United*
25 *States,* 405 U.S. 150, 154 (1972);  *United States v. Bagley*, 473 U.S. 667, 676 (1985); and
26 *Strickler v. Greene*, 527 U.S. 263, 280 (1999).

27    In this case, the Government has agreed that "any material inconsistencies or untruthful
28 statements made by the witness to the Government" would be provided.  ECF No. 533 at 17.

The Government has recognized that an attorney proffer can create an inconsistency with a later proffer statement that would require disclosure. There are no attorney proffers and no statements by cooperating witnesses at this stage on the proceedings. The Court concludes that any order compelling disclosure is premature at this stage in the proceedings. The motion for disclosure of proffer information ECF No. 458 filed by Defendant Edgar Lopez De Anda is denied.

**2. Debriefing of confidential informants by state and local law enforcement**

The Government agreed at the hearing that videotapes or audiotapes of cooperating witnesses made by police departments for any witness the Government calls in its case-in-chief will be disclosed as *Jencks* material to the extent that they pertain to the subject matter of the witness's testimony. The Court concludes that an order compelling disclosure is not required at this stage in the proceedings.

**3. Telephone call numbers**

Defendant moves the Court "to order AUSA Robinson to disclose the call numbers of those recorded calls he intends to use at trial of this matter." ECF No. 495. The Government responds that it has provided all phone calls and line sheets in a searchable format. The Government stated at the hearing that it intends to identify the calls it will use at trial and to produce transcripts for those calls prior to trial. Trial in this case is currently scheduled for February 7, 2012. ECF No. 565. The Court finds that an order compelling disclosure is premature at this stage in the proceedings. The motion to compel prosecutor to disclose telephone call numbers he expects to use at trial as to each defendant ECF No. 495 filed by Defendant Carlos Cosme is denied.

**4. State wiretap applications**

Defendant Jesus Quinonez Marquez moves the Court for an order compelling the Government to disclose wiretap applications and supporting material for two state wiretaps. ECF No. 503. Defendant Humberto Mendoza-Torres moves the Court for an order compelling the Government to disclose wiretap application applications and supporting material from a number of state and federal wiretaps. ECF No. 497. The parties agreed at the hearing that the

discovery requested has been produced or will be produced by the Government.

The record shows that the discovery matters at issue have been resolved. The motion to disclose state wiretap applications and orders ECF No. 503 filed by Defendant Jesus Quinonez Marquez is denied. The supplemental motion to compel discovery of wiretap applications ECF No. 497 filed by Humberto Mendoza-Torres is denied.

**5. Defendant and co-defendant statements**

Defendant Luz Maria Benavidez Martinez joined by other defendants moves the Court for an order compelling the Government to produce "any statements made by Luz Maria Benavidez Martinez and any statements made by any of the co-defendants in this case." ECF No. 233-1 at 2. Defendant Jennifer Escamilla moves the Court for an order to "disclose all copies of any written or recorded statements made by the defendant." ECF No. 451-1.

In this case, the Government represents that it has produced all statements made by each defendant to counsel for that defendant. ECF No. 533 at 2. The Government asserts that Rule 16 does not require it to produce co-conspirator statements to all defendants. However, the Government agrees that any statements exculpating any other defendant must be provided to that defendant in order to comply with its *Brady* obligation.

The Court concludes that the Defendants are not entitled to an order requiring the Government to provide co-defendants statements at this stage in the proceedings.[1] The Court finds that Defendant is not entitled to an order compelling statements made by co-defendants at this stage in the proceedings. The motion for discovery filed by Defendant Luz Maria Benavidez Martinez ECF No. 233 is denied in part. The motion to "disclose all copies of any written or recorded statements made by the defendant" filed by Defendant Jennifer Escamilla ECF No. 451-1 is denied.

**6. Minimization guidelines**

Defendant moves the Court for an order to produce the minimization guidelines

---

[1] 18 U.S.C. § 3500 provides "in any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena (sic), discovery, or inspection until said witness has testified on direct examination in the trial of the case."

1 provided to monitors during the wiretap surveillance. Defendant requests the minimization
2 guidelines on the grounds that the Government has the burden to show that it properly
3 minimized the interception of communication. The Government confirmed at the hearing that
4 there were minimization instructions for the monitors but asserts that the Defendant is not
5 entitled to this internal government document.

6       The fruits of a wiretap may not be used in court unless a copy of the court order and the
7 wiretap application are furnished to each party.

> The contents of any wire, oral, or electronic communication intercepted pursuant to this chapter or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing, or other proceeding ... unless each party ... has been furnished with a copy of the court order, and accompanying application, under which the interception was authorized or approved.

11 18 U.S.C. § 2518(9). Federal Rule of Criminal Procedure 16 states in relevant part:

> (1) **Information Subject to Disclosure** ...
>
> (E) **Documents and Objects**. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.
>
> (2) **Information Not Subject to Disclosure**. Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

23 Fed. R. Crim. P. 16(a)(1) (E) and (2).

24       The minimization guidelines are "government documents made by an attorney for the
25 government or other government agent in connection with investigating or prosecuting the
26 case" and are not subject to disclosure under Rule 16. Nothing in § 2518(9) requires the
27 production of internal government memorandum used in the course of the investigation. The
28 motion for discovery ECF No. 229 filed by Defendant Miguel Soria is denied.

**7. Specific acts of misconduct**

The Court concludes that the request by Defendant Omar Mora for an order requiring that the Government produce specific acts of misconduct that go to the credibility of a witness for the government at trial is premature.

**8. expert witness cutoff date**

The Court concludes that request by Defendant Oscar Montoya Mora that the Court set an expert witness cutoff date is premature. The motion for discovery filed by Defendant Oscar Montoya Mora ECF No. 487 is denied.

**9. Motion to dismiss the indictment for violation of the right to open courtroom**

Defendant Richard Favel joined by other defendants moves to dismiss the indictment on the grounds that the district court proceedings on September 10, 2010 and November 17, 2010 were not open to the public and were not conducted in the presence of all the defendants. Defendants contend that the two rows of seats in the courtroom were not adequate to accommodate all members of the public, including family and other loved ones at the September 10, 2010 hearing. Defendants assert that the audio access provided at the November 17, 2010 hearing was not adequate "due to poor sound quality and lack of courtroom decorum." ECF No. 519-1 at 2. Finally, Defendants assert that the right to be present at a critical stage in the proceedings was violated on the grounds that the defendants were produced in groups and that no defendant was present for the all three hearings.

The Government asserts that the September 10, 2010 and November 17, 2010 hearings were not closed to the public and that there was no violation of the right to be present during a critical stage of the proceedings on the grounds that the Defendants were brought out in groups.

In *United States v. Shryock*, 342 F.3d 948, 974 (9th Cir. 2003), the Court of Appeals for the Ninth Circuit stated:

> The denial of a defendant's Sixth Amendment right to public trial requires some affirmative act by the trial court meant to exclude persons from the courtroom. Accordingly, a defendant's right to a public trial is only implicated by a 'closure.'

*Id.* at 974. (quotations and citation omitted). In this case, the Court took no affirmative act to

close the courtroom. Two rows of seats were available to the public. The Court concludes that the Defendants are not entitled to an order dismissing the indictment because the courtroom could not accommodate all members of the public seeking access to the courtroom. *See id.*

Rule 43(a) of the Federal Rules of Criminal Procedure provides that the "defendant must be present at: (1) the initial appearance, the initial arraignment, and the plea, (2) every trial stage, including jury impanelment and the return of verdict; and (3) sentencing." On September 10, 2010 and November 17, 2010, the court held three hearings consecutively bringing out the defendants in three groups with counsel for each defendant present. Each counsel had the opportunity to make any statement relevant to the issues. The hearings addressed the motion to declare the case complex, the timing of discovery disclosures, and the scheduling of future hearing date. ECF No. 292 and 421. The hearings on September 10, 2010 and November 17, 2010 did not address any matters for which Rule 43(a) requires the presence of the Defendant. The hearings addressed only issues for which the Defendant's presence is not required. Fed. R. Crim. P. 43(b)(3). ("A defendant need not be present under any of the following circumstances... [t]he proceeding involves only a conference or hearing on a question of law."). However, in this case each defendant and counsel were present at the September 10, 2010 hearing and November 17, 2010 hearing. Each defendant though counsel had the opportunity to address all of the legal matters before the Court. There are no grounds to conclude that the procedure violated the right of any defendant to be present during a critical stage of the proceedings. The motion to dismiss the indictment for violation of the right to open courtroom filed by Richard Favel is denied. ECF No. 519.

## CONCLUSION

IT IS HEREBY ORDERED that

1) the Motion to compel discovery ECF No. 451 filed by the Defendant Jennifer Escamilla represented by Steven Feldman is denied;

2) the Motion for disclosure of proffer information ECF No. 458 filed by Edgar Lopez De Anda is denied;

3) the Motion to compel prosecutor to disclose telephone call numbers he expects to use at trial as to each defendant ECF No. 495 filed by Carlos Cosme is denied;

1      4) the Supplemental motion to compel discovery of wiretap applications ECF No. 497
2  filed by Humberto Mendoza-Torres is denied;
3      5) the Motion to disclose state wiretap applications, supporting affidavits and orders
4  ECF No. 503 filed by Defendant Jesus Quinonez Marquez is denied;
5      6) the Motion to dismiss the indictment for violation of the right to open courtroom ECF
6  No. 519 filed by Richard Favel is denied;
7      7) the Motion for Discovery ECF No. 229 filed by Defendant Miguel Soria is denied
8  in part;
9      8) the Motion for Discovery ECF No. 233 filed by Defendant Luz Maria Benavidez
10 Martinez is denied in part;
11     9) the Motion for Discovery ECF No. 251 filed by Omar Mora is denied in part;
12     10) Motion for Discovery ECF No. 487 filed by Oscar Montoya Mora is denied; and
13     11) the joinder motions 452, 453, 459, 460, 471, 473, 474, 475, 480, 481, 483, 484, 486,
14 494, 496, 498, 499, 500, 504, 505, 506, 507, 508, 509, 511, 512, 513, 514, 516, 517, 518, 519,
15 520, 521, 522, 523, 524, 525, 528, 529, 531, 541, 542, 544, 545, 547, 548, 549, 550, 551, 573
16 are granted as to joinder.

DATED: March 29, 2011

                                            **WILLIAM Q. HAYES**
                                            United States District Judge